IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY L. WOMACK, ) | |
| No. 1938-031, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00543-MJR |
| ) | |
| JAMES CROSS, JR., ) | |
| FRANCIS THAYER, ) | |
| BRUCE NEESE, ) | |
| JENNIFER BRAYE, ) | |
| USA, and ) | |
| UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ray L. Womack is an inmate currently housed in the Greenville Federal Correctional Institution. Pursuant to 28 U.S.C. § 1331, Plaintiff brings this action for deprivations of his rights with respect to his religious freedom as an American Indian. He asserts First and Fifth Amendment claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and similar claims under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1, and the American Indian Religious Freedom Act (AIRFA), 42 U.S.C. § 1996. He also asserts that the defendants have conspired to violate his civil rights, in violation of 42 U.S.C. §§ 1985 and 1986. Furthermore, he contends various defendants have violated federal pay policies by not giving a full day's work for a full day's pay.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, the Sweat Lodge religious ceremony for American Indians at Greenville is regularly scheduled by Chaplain Francis Thayer for Saturdays, from 11:30 a.m. to 3:30 p.m. On October 11, 2014, Administrative Assistant for Religious Service Jennifer Braye told Plaintiff and others that that day's Sweat Lodge ceremony would end an hour early. She explained she "had to get things ready for the Catholics" and had too many things to do by herself, and that she had no intention of working overtime for the American Indians (Doc. 1-1, p. 4). She subsequently advised Plaintiff and his fellow worshipers of her intended changes to their religious gathering: beginning the following week only two participants would be permitted to participate in the Firekeeper move, and the fire would not be started in advance of the scheduled start of the Sweat Lodge ceremony. Braye also cautioned the group that those who were on the call-out list who missed the call-out would receive an incident report.

A few days later, on October 14, the Native American group was called to meet with Chaplain Thayer and Braye. Braye announced the changes. When an inmate voiced disagreement, Braye had the inmate placed in segregation. She explained to the others that she did not care if they "filed on her" because she knew people in the right places and would not be going anywhere.

Under the new policies, Braye and Assistant Chaplin Bruce Neese leave inmates out in the cold and rain until the scheduled time for a religious service to begin, while they remain in their offices with the chapel locked. By strictly adhering to the schedule, inmates lose approximately 10 minutes from their time for worship because they must first set up the chapel for their particular needs. Also, Braye routinely uses the f-word in the chapel and on the Native American's sacred ground, which Plaintiff perceives as a general disrespect for religion, and evidence of a lack of moral character. It is further alleged that Braye attempts to dissuade and impede him and other inmates from using the chapel during her work hours. Braye and Neese have even managed to cancel extracurricular activities, such as movie nights for various religious groups—they just cancel the event when Chaplain Thayer is not at work.

When Chaplain Thayer is not around, Braye closes the chapel early and leaves work early, or she closes herself in the chapel and locks the door. It is also alleged that Assistant Chaplain Neese manipulates his work hours the same way. Both Braye and Neese purportedly still draw a full day's pay for less than a day's work.

Although inmates do not report what is going on out of fear of retaliation, Plaintiff submitted a BP-8 informal complaint to his counselor regarding Braye's discriminatory practices. No response was received. The counselor eventually explained that the BP-8 had been sent to SIS, but SIS never received the BP-8. Plaintiff then sent a BP-9 (the second step in

the administrative grievance process), to Warden James Cross, Jr., complaining about Braye. The BP-9 was denied because it was deemed untimely. Plaintiff then sent a BP-10 appeal to the Bureau of Prison's Regional Office; the appeal was also deemed untimely. A subsequent BP-11 appeal to the Central Office in Washington was similarly unsuccessful, even though Plaintiff had sent documentation he believed proved that his BP-8 was timely filed. (*See* Doc. 1-2, pp. 2-20). Plaintiff views the denial of his grievance at every step in the administrative process as a conspiracy to systematically deny him—and other Native American's—an equal ability to practice their religioun and a denial of due process (*see* Doc. 1-1, p. 6). Since filing his grievance, Plaintiff has not practiced his faith for fear of retaliation by Braye and/or Neese.

Plaintiff contends Braye and Neese, acting in conspiracy, have created a hostile environment and otherwise substantially burdened the practice of his religion, and Warden Cross and Chaplain Thayer have knowingly allowed them to do so. Plaintiff alleges a conspiracy to deny him due process. And, he contends federal pay policies have been violated, costing taxpayers money.

Plaintiff seeks injunctive relief from the United States. Plaintiff also seeks monetary damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

>**Count 1: Defendants Cross, Thayer, Neese and Braye, individually or in conspiracy, burdened Plaintiff's free exercise of his religion, in violation of the First Amendment, RFRA and AIRFA;**

**Count 2:** Defendants Cross, Thayer, Neese and Braye, individually or in conspiracy, failed to equally protect Plaintiff's right to practice his religion, in violation of the Fifth Amendment;

**Count 3:** Defendants Cross, the unnamed Regional Director and unnamed Central Office Administrator, individually or in conspiracy, denied Plaintiff due process and the ability to equally practice his religion, all in violation of the Fifth Amendment;

**Count 4:** Defendants Neese and Braye, with the knowledge of Defendants Cross and Thayer, violated federal pay policies; and

**Count 5:** Defendants conspired to violate his civil rights, in violation of 42 U.S.C. §§ 1985 and 1986.

Any intended claims not recognized above should be considered dismissed without prejudice.

## Discussion

### Counts 1-2

Counts 1-2 state colorable claims under the First Amendment and RFRA. However, the American Indian Religious Freedom Act (AIRFA), 42 U.S.C. § 1996, does not create a cause of action—it essentially does not add anything to existing law. *See Lyng v. Nw. Indian Cemetary Protective Ass'n.*, 485 U.S. 439, 455 (1988). Consequently, the AIRFA claim within Count 1 will be dismissed with prejudice. Counts 1 and 2 shall otherwise proceed.

### Count 3

Count 3 presents due process and equal protection claims stemming from the denial of Plaintiff's administrative grievances. Plaintiff contends there was a conspiracy at each level of the review process, from Warden Cross, to the unidentified Regional Director, to the unnamed Central Office Administrator in Washington.

As a preliminary matter, the complaint fails to adequately allege a conspiracy relative to the denial of Plaintiff's request for an administrative remedy. Claims of conspiracy necessarily

require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006)). The complaint offers only the bald assertion that there was a conspiracy.

As for the Fifth Amendment claim, a due process claim lies where a plaintiff is deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990).[1] Religious liberty is clearly a protected interest under the First Amendment. Furthermore, the Supreme Court has interpreted the Due Process Clause of the Fifth Amendment as also forbidding the Federal Government from denying equal protection of the laws. *See Davis v. Passman,* 442 U.S. 228, 234 (1979); *Markham v. White* 172 F.3d 486, 491 (7th Cir. 1999).

An equal protection claim can be made under a "class of one" theory alleging that the plaintiff has been treated differently from others similarly situated without a rational basis for the difference in treatment. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). The complaint does not allege or remotely suggest that Plaintiff's administrative remedies failed because of any sort of forbidden animus. Rather, his administrative grievance was rejected because it was untimely—the assertion that lies at the heart of the due process claim.

Plaintiff asserts that his BP-8 was timely filed with his counselor, thereby timely commencing the grievance process. A review of the documentation attached to the complaint reveals that Plaintiff has pleaded himself out of court.

The Bureau of Prisons provides a four-step administrative remedy program for federal inmates. *See* 28 C.F.R. §§ 542.10–.19. First, an inmate must attempt to informally resolve a complaint by filing a BP–8 form. 28 C.F.R. . § 542.13. Second, if still dissatisfied, an inmate

---

[1] Case law interpreting the Fourteenth Amendment Due Process Clause is equally applicable to the Fifth Amendment's Due Process Clause. *Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996).

must submit a formal request for administrative remedy by filing a form BP–9. 28 C.F.R. § 542.14. Third, an inmate must appeal the step-two decision by filing a BP–10 with the Regional Director. 28 C.F.R. § 542.15. Finally, an inmate must appeal the Regional Director's response by filing a BP–11 with the General Counsel (Central Office). *Id.*

Regardless of whether Plaintiff timely filed his BP-8 grievance seeking *informal* resolution, the BP-9 initiating the formal administrative remedy process must be filed within 20 calendar days from the date of the occurrence that is at issue. 28 C.F.R. § 542.14(a). Furthermore, even if Plaintiff did not receive a response to his BP-8, 28 C.F.R. § 542.18 provides: "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Plaintiff's November 6, 2014, BP-9 pertains to Braye shortening the Sweat Lodge ceremony on October 11, 2014 (Doc. 1-2, pp. 2-3). Thus, the BP-9 was submitted at least 26 days after the event at issue, making the BP-9 untimely, which was the conclusion at the institutional level (Doc. 1-2, p. 6).

On appeal, the Regional Office agreed that the BP-9 was untimely, and also found that the BP-10 was untimely (Doc. 1-2, p. 15). As already explained, the BP-9 was untimely, so that basis alone is sufficient for the Regional Office to uphold the denial of the administrative remedy. The Central Office merely concurred with the previous rulings (Doc. 1-2, p. 10). Merely "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013). A cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). Consequently, there is no basis for any due process claim or equal

protection claim. Count 3 will be dismissed with prejudice. Accordingly, the unnamed Regional Director and Central Administrator shall be dismissed as defendants, as there are no other claims asserted against them.

### Count 4

It is alleged in Count 4 that Defendants Braye and Neese, with the knowledge of Defendants Cross and Thayer, violated federal pay policies. Essentially, Plaintiff claims Braye and Neese were not giving taxpayers a full day's work for a full day's pay. That kind of harm is insufficient to confer Article III standing on Plaintiff. *See Lujan v. Defenders Of Wildlife,* 504 U.S. 555, 560 (1992) (stating that a plaintiff has standing if he has suffered, or imminently will suffer, a "concrete and particularized" injury that is "fairly traceable" to defendant and will be redressed by a decision in plaintiff s favor) (quotations omitted); *Rifkin v. Bear Stearns & Co., Inc.,* 248 F.3d 628, 632 (7th Cir. 2001) ("It is axiomatic that being a citizen or taxpayer of an injured governmental body, without more, is not a sufficient injury in fact to create standing for the taxpayer to seek redress of the government's injury."). Therefore, Count 4 will be dismissed without prejudice.

### Count 5

Citing 42 U.S.C. §§ 1985 and 1986, Plaintiff asserts a free-standing claim that all named defendants—all of whom are employees of the Bureau of Prisons—conspired to violate his civil rights. The Seventh Circuit has held that under the intracorporate conspiracy doctrine, a Section 1985 conspiracy claim "cannot exist between members of the same entity." *Payton v. Rush Presbyterian—St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). This doctrine has been extended to both private and governmental actors. *See Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994). When a Plaintiff's claim fails under Section 1985,

his Section 1986 claim also fails. *Smith v. Gomez*, 550 F.3d 613, 617-18 (7th Cir. 2008); *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992). Count 5 will be dismissed with prejudice.

### The United States

Plaintiff names the United States as a defendant for purposes of injunctive relief. Because any injunctive relief would be executed by Warden Cross in his official capacity, the United States will be dismissed as a defendant. *See generally Ex Parte Young*, 209 U.S. 123, 151-56 (1908).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the AIRFA claim in **COUNT 1** is **DISMISSED with prejudice**; the First Amendment and RFRA claims in **COUNT 1** shall otherwise **PROCEED**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED with prejudice**. Accordingly, the **UNKNOWN PARTIES**—the unnamed Regional Director and Central Administrator—are **DISMISSED** as defendants to this action.

**IT IS FURTHER ORDERED** that **COUNT 4**, the pay claim, is **DISMISSED without prejudice for lack of standing**.

**IT IS FURTHER ORDERED** that **COUNT 5** is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Defendant **USA** is **DISMSSED** as a defendant to this action.

The Clerk of Court shall prepare for Defendants **JAMES CROSS, JR., FRANCIS THAYER, BRUCE NEESE and JENNIFER BRAYE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **JAMES CROSS, JR., FRANCIS THAYER, BRUCE NEESE and JENNIFER BRAYE** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: June 8, 2015**

                                           s/ *Michael J. Reagan*
                                           **MICHAEL J. REAGAN**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**