IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY L. WOMACK, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 15−cv−0543−MJR−SCW |
| JAMES CROSS, JR., FRANCIS THAYER, BRUCE NEESE, and JENNIFER BRAYE | ) |
|       Defendants. | ) |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

      This Report and Recommendation is submitted to United States District Court Chief Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). The matter comes before the Court on Defendants' Motion to Compel. (Doc. 43). For the reasons below, it is **RECOMMENDED** that the case be **DISMISSED**.

## BACKGROUND

      Plaintiff filed this case on May 13, 2015. (Doc. 1). This case was then referred to the undersigned on June 8, 2015. (Doc. 7). On September 30, 2015, the Court entered a scheduling order, requiring the parties to make certain disclosures. (Doc. 29). Defendants have represented that Plaintiff has never made any disclosures. (Doc. 43) Defendants have further represented that Plaintiff has been moved from FCI Greenville to a residential re-entry center in Wichita, Kansas on February 4, 2016. (Doc. 43). Plaintiff has never updated his address with the Court, despite several clear commands of the Court to do so. On February 19, 2016, Defendants filed the present motion to compel. (Doc. 43). Plaintiff has not responded. The Court set this matter for hearing on February 22, 2016, and specifically informed Plaintiff that attendance at the hearing was mandatory,

and that failure to appear could result in sanctions. (Doc. 44). On March 10, 2016, Defendants filed a status report indicating that, despite the failure to update his address, they had reached out to Plaintiff to inform him of the motion and the hearing on the motion. (Doc. 45). Defendants submitted an affidavit from Kevin Pierce, an employee at Plaintiff's halfway house, attesting to the fact that he signed for a certified letter from Defendants and delivered it to Plaintiff. (Doc. 45-5). Defendants also submitted an affidavit from Rhendi Leiker, a case manager at Plaintiff's halfway house. Leiker testified that Plaintiff had told her that he had a hearing in East St. Louis on March 18, 2016, and inquired whether he would be permitted to leave the halfway house. (Doc. 45-6). Leiker told him he could leave the halfway house if he completed a furlough application, but also stated that Plaintiff never completed a furlough application. (Doc. 45-6). He also never contacted the Court to inquire about the possibility of appearing by phone or video, which the Court would have granted.

## ANALYSIS

The Court may dismiss claims via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); accord James v. McDonald's Corporation, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").** Rule 37(b) additionally authorizes dismissal where a party fails to obey a discovery order, which the Seventh Circuit has said is a "feeble sanction" if it is without prejudice. **Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v)**.

Here, Plaintiff has violated several Court orders. He has not kept the Court apprised of his address. He has not made his initial disclosures. The Court set Defendants' Motion to Compel for a hearing and specifically warned Plaintiff in the notice of that hearing that failure to appear may result in dismissal. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must

**be an explicit warning before the case is dismissed" for failure to prosecute).** Plaintiff failed to appear at the hearing, despite evidence submitted by Defendants showing that he was actually aware of the hearing date. Because it appears to the undersigned that Plaintiff is not interested in pursuing this case, the undersigned **RECOMMENDS** that the Court **DISMISS** this case **with prejudice**.

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that that Plaintiff's Complaint be **DISMISSED** with prejudice for his failure to participate in discovery by making his initial disclosures, failure to respond to the pending dispositive motions, and failure to appear at the hearing on the motion to compel. Objections to this Report and Recommendation must be filed on or before **April 4, 2016.**

**IT IS SO RECOMMENDED.**
Dated: March 18, 2016

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge